# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ALFUNZO STALEY,

     Plaintiff,

v.                                 Case No. 12-14784

THE BANK OF NEW YORK MELLON,

     Defendant.

                                      /

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Alfunzo Staley filed suit against Defendant The Bank of New York Mellon seeking to set aside Defendant's foreclosure of Plaintiff's property. Defendant moved to dismiss under Rule 12(b)(6). The motion has been fully briefed, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant Defendant's motion to dismiss.

## I. BACKGROUND

On March 2, 2004, Plaintiff Alfunzo Stanley obtained a loan from American Equity Mortgage, Inc. ("American Equity") of $104,500 to purchase the real property located at 19600 Riverview Street, Detroit, MI 48219 (the "Property"). Plaintiff secured the loan by granting a mortgage against the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as the nominee for American Equity and its successors and assigns. MERS assigned the mortgage to Defendant The Bank of New York Mellon on May 26, 2011, and the assignment was recorded with the Wayne County Register of Deeds on May 31, 2011.

After Plaintiff defaulted on the mortgage, Defendant commenced foreclosure by advertisement proceedings and sent Plaintiff notice on September 1, 2011. The mortgage loan was never modified after foreclosure proceedings began, and a balance of $131,193.09 remained due on the mortgage loan when the Property was foreclosed upon. Defendant purchased the Property at a sheriff's sale for $142,557.22 on January 12, 2012.

On September 17, 2012, Plaintiff filed suit against Defendant in state court seeking to set aside the foreclosure. Defendant removed to this court and now moves to dismiss under Rule 12(b)(6).

## II. STANDARD

A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint "does not need detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005). In doing so, the court must "draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet the court "need

2

not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 466 (6th Cir. 2000). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). "[T]he court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

## III. DISCUSSION

Plaintiff's complaint alleges: a claim for quiet title (Count I); illegal foreclosure by advertisement (Count II); lack of privity to initiate foreclosure (Count III); and violation of Michigan Compiled Laws § 600.3205c[1] (Count IV).

## A. Quiet Title (Count I)

A borrower has a statutory right to redeem foreclosed property within the applicable time limit. Mich. Comp. Laws § 600.3240(1). For residential property, the redemption period is six months if the amount due on the mortgage at the date of foreclosure is more than two-thirds of the original mortgage amount. § 600.3240(8). Here, the amount owed on the montage was $131,193.09, (Def.'s Mot. Ex. C at 4, Dkt. # 7-4), which was greater than the original mortgage loan of $104,500, (Def.'s Mot. Ex. A at 3, Dkt. # 7-2). Thus, the redemption period lasted six months. As the Property was

---

[1]Section 600.3205 *et seq.* was amended effective December 22, 2011. The court, therefore, applies the prior version of § 600.3205 *et seq.*, effective July 5, 2009 to December 21, 2011, because Defendant initiated foreclosure proceedings on September 1, 2011.

sold on January 12, 2012, (Def.'s Mot. Ex. C at 2, Dkt. # 7-4), the redemption period

expired on July 12, 2012.  If a plaintiff does not redeem the foreclosed property before

the redemption period expires, the foreclosing party becomes vested with "all the right,

title, and interest" in the property.  Mich. Comp. Laws § 600.3236; *Dingman v. OneWest

Bank, FSB*, 859 F. Supp. 2d 912, 918 (E.D. Mich. 2012) (collecting authority).  Plaintiff

did not redeem the Property and, consequently, lost all rights and title to the Property on

July 12, 2012.  *Overton v. Mortg. Elec. Registration Sys.*, No. 07-725429-CZ, 2009 WL

1507342, at *1 (Mich. Ct. App. May 28, 2009) (citing *Piotrowski v. State Land Office Bd.*,

302 Mich. 179, 187 (1942)).

        Once the redemption period has expired, "the mortgagor may undo the sale *only*

by demonstrating fraud or irregularity in the foreclosure proceedings."  *Kopko v. Bank of

N.Y. Mellon*, No. 12-13941, 2012 WL 5265758, at *8 (E.D. Mich. Oct. 23, 2012)

(collecting authority).  "The type of fraud sufficient to set aside a foreclosure sale must

generally relate to the foreclosure sale itself."  *Whitfield v. OCWEN Berkeley Fed. Bank

& Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001) (citing

*Freeman v. Wozniak*, 241 Mich. App. 633, 637-38 (Mich. Ct. App. 2000)).

        Plaintiff argues that the foreclosure proceedings were irregular because

Defendant violated Michigan Compiled Laws § 600.3205c.  On September 1, 2011,

Defendant provided Plaintiff with notice that it was commencing foreclosure proceedings

on the Property pursuant to § 600.3205a(4).  (Def.'s Mot. Ex. C at 4, Dkt. # 7-4.)  If

Plaintiff desired to modify his mortgage loan, he was required to first contact a housing

counselor within fourteen days of receiving notice.  § 600.3205b(1).  Under

§ 600.3205c, "the person designated under section 3205a(1)(c) is not required to work

4

with the borrower unless the borrower has contacted a housing counselor under section 3205b." *Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d. 896, 909 (E.D. Mich. 2012); *see also* § 600.3205c(1) ("*If* a borrower has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification.") (emphasis added).  Plaintiff asserts that he "contacted the Defendant in order to obtain a loan modification," (Pl.'s Compl. ¶ 32, Dkt. # 1), but never alleges that he contacted a housing counselor.  "Contact with a housing counselor . . . is a condition precedent to any duty on the part of the person designated under section 3205a(1)(c)."  *Talton*, 839 F. Supp. 2d at 909-10.  As Plaintiff did not contact a housing counselor, Defendant's obligations under § 600.3205c were not triggered.  Therefore, Plaintiff's claim that Defendant violated § 600.3205c fails.

Furthermore, even if Defendant violated § 600.3205c, "courts in the Eastern District of Michigan uniformly have held that a violation of Section 600.3205c is insufficient to justify setting aside a completed foreclosure sale."  *Kopko*, 2012 WL 5265758, at *14-15 (collecting authority).  When a mortgage holder violates § 600.3205c, a mortgagor may "file an action to convert a foreclosure by advertisement into a judicial foreclosure."  *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *10 (E.D. Mich. Feb. 24, 2011).  Section 600.3205c "allows certain borrowers to determine the *type* of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure."  *Id.*  Defendant's alleged violation of

§ 600.3205c, even if true, does not constitute fraud or irregularity sufficient to set aside a foreclosure sale.

Plaintiff attempts to demonstrate irregularity by asserting two ways in which Defendant violated § 600.3204.  First, § 600.3204(3) states that, if a foreclosing party is not the original mortgagee, "a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage."  Plaintiff claims that Defendant was the trustee of a trust agreement and that the closing date of the trust was in 2004.  As MERS assigned the mortgage to Defendant on May 26, 2011, (Def.'s Mot. Ex. B at 2, Dkt. # 7-3), Plaintiff argues that the assignment was invalid because Defendant failed to establish that it followed the terms of the pooling and servicing agreement that governs the trust.

This argument fails as Plaintiff, a non-party to the assignment of the mortgage, lacks standing to challenge that assignment.  *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010); *Carmack v. Bank of N.Y. Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *7 (E.D. Mich. June 25, 2012); *Robinson v. Select Portfolio Servicing, Inc.*, No. 11-11357, 2011 WL 6122776 at *8 (E.D. Mich. Dec. 9, 2011).  While a mortgagor "has standing to challenge whether a lender holds record chain of title, . . . that determination is limited to an examination of the public records."  *Livonia*, 339 F. App'x at 103.  A mortgagor cannot challenge the assignment because he is unsatisfied with the record chain of title.  *Id.*  An exception to this rule exists in that a mortgagor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void" such as "nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment."  *Id.* at 102

6

(citations omitted).  Mortgagors have standing to raise those defenses when "they cannot otherwise protect themselves from having to pay the same debt twice." *Id.* However, Plaintiff does not claim that he needs such protection and, therefore, does not have standing to challenge the assignment of the mortgage.

Plaintiff also argues that Defendant violated § 600.3204(4), which states that a party cannot commence foreclosure proceedings if "[c]alculations under section 3205c(1) show that the mortgagor is eligible for a loan modification and foreclosure under this chapter is not allowed under section 3205c(7)." § 600.3204(g).  The court has already established that Defendant did not violate § 600.3205c because Plaintiff failed to contact a housing counselor as required by § 600.3205b.  Consequently, Defendant did not violate § 600.3204(4).

As Plaintiff has not alleged facts to demonstrate fraud or irregularity in the foreclosure proceedings, Plaintiff's claim for quiet title fails.

### B. Illegal Foreclosure by Advertisement (Count II) & Lack of Capacity/Ownership/Privity (Count III)

Plaintiff claims that Defendant conducted an illegal foreclosure by advertisement (Count II) and lacked capacity, ownership, and privity to foreclose on the Property (Count III).  Both Counts appear to allege that Defendant did not have standing to foreclose on the Property because MERS's assignment of the Property to Defendant was invalid.  The court has already established that Plaintiff does not have standing to challenge the assignment as he was not a party to the assignment.  *Livonia*, 399 F. App'x at 102; *Carmack*, 2012 WL 2389863, at *7; *Robinson*, 2011 WL 6122776 at *8.

"[A] party may foreclose a mortgage by advertisement if . . . the party foreclosing is ether the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." § 600.3204(1)(d).  As the Michigan Supreme Court explained:

> The Legislature's use of the phrase "interest in the indebtedness" to denote a category of the parties entitled to foreclose by advertisement indicated the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who "own the indebtedness" and parties who act as "the servicing agent of the mortgage."

*Residential Funding Co. v. Saurman*, 805 N.W.2d 183, 184 (Mich. 2011) (quoting Mich. Comp. Laws § 600.3204(1)(d).  MERS's assignment of the mortgage to Defendant demonstrates that Defendant was the mortgagee of record and had standing to foreclose on the Property by advertisement.  Therefore, Plaintiff fails to state a claim for relief under Counts II and III.

### C.  Violation of § 600.3205c (Count IV)

Count IV of the complaint alleges that the foreclosure should be set aside because Defendant violated § 600.3205c.  As found in Section A above, Defendant did not violate § 600.3205c, and a violation of the statute does not warrant setting aside a completed foreclosure sale.  *Kopko*, 2012 WL 5265758, at *14-15.  The court will dismiss Count IV for failing to state a claim for relief.

8

**IV. CONCLUSION**

Accordingly, IT IS ORDERED that Defendant's motion to dismiss [Dkt. # 7] is

GRANTED.

 s/Robert H. Cleland       
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 21, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, February 21, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner        
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\12-14784.STALEY.Grant.Mot.Dismiss.wpd

9