UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFUNZO STALEY,

    Plaintiff,

v.                                                                                    Case No. 12-14784

THE BANK OF NEW YORK MELLON,

    Defendant.
                                                 /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Alfunzo Staley sued Defendant The Bank of New York Mellon seeking to set aside a foreclosure action against Plaintiff's residential property. Plaintiff alleged four counts: a claim for quiet title; illegal foreclosure by advertisement; lack of privity to initiate foreclosure; and violation of Michigan Compiled Laws § 600.3205c. The court issued a February 21, 2013 order granting Defendant's motion to dismiss all counts. Plaintiff moves for reconsideration of the order. The court ordered Defendant to respond to the motion, but a hearing is unnecessary. *See* E.D. Mich. LR 7.1(h)(2). For the following reasons, the court will deny Plaintiff's motion for reconsideration.

**I. STANDARD**

A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear,

unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

## II. DISCUSSION

Plaintiff contends that whether Defendant violated § 600.3205c is a question of fact that must survive a motion to dismiss. (Dkt # 16 at Pg ID 390.) In order to survive a motion to dismiss, a plaintiff need not allege a question of fact; a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff failed to allege that he contacted a housing counselor. As explained in the court's order of dismissal, "under the plain language of section 600.3205c, the person designated under section 3205a(1)(c) is not required to work with the borrower unless the borrower has contacted a housing counselor under section 3205b." *Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d. 896, 909 (E.D. Mich. 2012). "Contact with a housing counselor . . . is a condition precedent to any duty on the part of the person designated under section 3205a(1)(c)." *Id.* at 909-10. Therefore, Defendant had no opportunity to violate § 600.3205c, and the court correctly held that Plaintiff failed to state a claim for relief under the statute.

Plaintiff argues that the court did not have the "full benefit" of *Patricia Roller v. Federal National Mortgage Association*, No. 12-CV-11236, 2012 WL 5828625 (E.D. Mich. 2012) and *Mitan v. Federal Home Loan Mortgage Corp.*, 703 F.3d 949 (6th Cir. 2012) when it issued its decision. Plaintiff fails to explain how the court could have lacked the "full benefit" when Plaintiff cited both *Roller* and *Mitan* in his response to

Defendant's motion to dismiss and attached the cases as exhibits.  By once again calling the court's attention to *Roller* and *Mitan*, Plaintiff's motion merely asks the court to reconsider issues already ruled upon.  A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted.  E.D. Mich. LR 7.1(h)(3); *see also Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Even if the court lacked the "full benefit" of *Roller* and *Mitan*, Plaintiff's motion fails to clearly articulate why such a deficit would amount to an "obvious" defect that would change the disposition of Plaintiff's case.  *See United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

    *Roller* holds that a borrower has standing to challenge a foreclosure after the redemption period has expired by alleging that there was fraud or irregularities in the foreclosure process because the lender violated § 600.3205c.  *Roller*, 2012 WL 5828625, at *2.  The court's order of dismissal analyzed whether Defendant's alleged violation of § 600.3205c constituted fraud or an irregularity, ultimately ruling in favor of Defendant.  (Dkt. # 14 at Pg ID 379-81.)  Therefore, even if the court lacked the "full benefit" of *Roller*, it would not amount to a palpable defect.

    In *Mitan*, the Sixth Circuit opined that a lender is prohibited from initiating foreclosure by advertisement under § 600.3204 if the lender fails to follow the loan-modification procedures.  *Mitan*, 703 F.3d at 953.  *Mitan* was abrogated by *Kim v. JP Morgan Chase Bank, NA*, 825 N.W.2d 329 (Mich. 2012), which held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Id.* at 337.  Furthermore, even if *Mitan* had not been abrogated, its holding is

inapplicable here, as Plaintiff's failure to contact a housing counselor released Defendant from the loan modification obligations of § 600.3205c.

Plaintiff has not identified a palpable defect in the court's order of dismissal.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 16] is DENIED.

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 20, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522